THOMAS E. GRIER, JR., *vs.* MEREDITH I. SAMUEL.

1. MUNICIPAL CORPORATIONS—STREETS—USE FOR AUTOMOBILES.

The owner of an automobile has the same right to the streets of a city as the owner of other vehicles, being required only to use reasonable care and caution for the safety of others.

2. MASTER AND SERVANT—INJURY TO THIRD PERSON—NEGLIGENCE OF CHAUFFEUR.

The owner of an automobile in charge of a chauffeur is liable for injuries to a third person proximately caused by the negligence of the chauffeur, if the injured person himself was not guilty of contributory negligence.

3. MUNICIPAL CORPORATIONS—STREETS—USE OF PEDESTRIANS.

A traveler on foot has the same right of the use of the streets of a city as a vehicle of any kind, being subject only to the rule that all persons are bound to exercise reasonable care, in proportion to the danger or particular risks in each case, to prevent collisions and accidents.

4. MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILES—CARE REQUIRED.

It is the duty of a person operating an automobile or other vehicle on the streets of a city to use ordinary care, to move at a reasonable rate of speed, and slow up, or stop, if need be, when danger is imminent, and could, by the exercise of reasonable care, be seen and known in time to avoid accident; greater care being required at street crossings and in the more thronged streets of a city than in the less obstructed streets in the open or suburban parts.

5. MUNICIPAL CORPORATIONS—USE OF STREETS—PERSONS CROSSING STREETS.

One crossing a public street is required to make reasonable use of all his senses in order to observe an impending danger, and if he fails to do so, and is injured by reason of such failure, he is guilty of negligence, which will preclude recovery for injuries sustained.

6. MUNICIPAL CORPORATIONS—USE OF STREETS—INJURIES TO PEDESTRIANS—NEGLIGENCE—BURDEN OF PROOF.

In an action for injuries to a pedestrian at a street crossing by being struck by an automobile, negligence would not be presumed, and the burden of proving it is on plaintiff.

7. MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILE ACCIDENT—SPEED—VIOLATION OF STATUTE.

Violation of a statute regulating the speed of automobiles, by defendant's chauffeur, at the time plaintiff was struck and injured while crossing a city street, constitutes actionable negligence, if it was the cause of the accident, and plaintiff's own negligence did not contribute thereto.

8. MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILE ACCIDENT—NEGLIGENCE.

The act of defendant's chauffeur in driving his automobile on the left or wrong side of the street, contrary to statute, at the time plaintiff was struck and injured as he was crossing the street, constituted actionable negligence, if the injury resulted therefrom without fault on plaintiff's part.

9. TRIAL—CONFLICTING TESTIMONY—DUTY OF JURY TO RECONCILE.

Where the testimony is conflicting, it is the jury's duty to reconcile it, so that the whole may be harmonious, and, if this is impossible, then it is their duty to weigh the value of the testimony on the respective sides, and give the verdict to that side on which the testimony is of the greater weight or preponderance and most worthy of credit.

10. DAMAGES—PERSONAL INJURIES.

In an action for personal injuries, plaintiff's damage is compensation for the injury, including loss of time, earnings, pain (past and future), and impairment of earning capacity resulting from the accident.

(*March* 20, 1913.)

Judges BOYCE and CONRAD sitting.
*Henry R. Isaacs* for plaintiff.
*Charles F. Curley* for defendant.
Superior Court, New Castle County, March Term, 1913.

ACTION ON THE CASE (No. 37, March Term, 1912) by Thomas E. Grier, Jr., against Meredith I. Samuel to recover damages for personal injuries alleged to have been occasioned on one of the public streets of the City of Wilmington on October 4, 1911, by the servant of the defendant so negligently operating the latter's automobile that it collided with the plaintiff and produced the injuries complained of.

(See, on demurrer to declaration, *ante*, also 85 *Atl.* 759).

Further facts appear in the charge of the court.

CONRAD, J., charging the jury:

Gentlemen of the jury:—In this action Thomas E. Grier, Jr., the plaintiff, seeks to recover from Meredith I. Samuel, the defendant, damages for personal injuries which he alleges were caused by the defendant's negligence.

The plaintiff claims that on October 4, 1911, while he was crossing Jefferson Street where the same intersects the southerly side of Delaware Avenue, and just after leaving the easterly curb of Jefferson Street, he was struck with much force by the automobile of the defendant and hurled several feet and thrown on the easterly sidewalk of Jefferson Street whereby he was severely injured. He alleges that the automobile at the time of the accident was under the control of the defendant, operated by his

chauffeur, who was the servant of the defendant, and under his control, in a negligent and careless manner, at an excessive and dangerous rate of speed and by reason thereof he sustained the injuries for which he seeks to recover.

The defendant admits that he was the owner of the automobile, and that at the time of the accident it was being run by his chauffeur; but he contends that the rate of speed was not excessive, that the defendant could have avoided the accident by proper care, and that it was not through his negligence that the accident occurred.

[1] We would say to you that the owner of an automobile has the same right as the owner of other vehicles to use the highways or streets of a city, and like them he must exercise reasonable care and caution for the safety of others.

[2] If you find that the defendant was, at the time of the accident, the owner of the automobile which caused the injury, and the person running or operating it was under his direction and control, then such operator was the servant of the defendant, and any negligence in the operation of the machine would be the negligence of the defendant. And the defendant would be liable for any injury proximately caused by such negligence, provided the person injured was not guilty of some negligence on his part that contributed to the injuries.

[3, 4] A traveler on foot has the same right to the use of the public streets of a city as a vehicle of any kind. In using any part of the streets all persons are bound to the exercise of reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger or the peculiar risks in each case. It is the duty of the person operating an automobile, or any other vehicle, upon the public streets of a city to use ordinary care in its operation, to move at a reasonable rate of speed, and cause it to slow up or to stop if need be, where danger is imminent and could, by the exercise of reasonable care, be seen or known in time to avoid accident. Greater care is required at street crossings and in the more thronged streets of a city than in the less obstructed streets in the open or suburban parts. There is a like duty of exercising reasonable care on the part of the pedestrian. The

person having the management of the vehicle and the traveler on foot are both required to use such reasonable care as the circumstances of the case demand; an exercise of greater care on the part of each being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the rights of the other; and both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances.

[5] It is true that a person crossing a public street of a city is required to make reasonable use of all his senses in order to observe an impending danger, and if he fails to do so, and is injured by reason of such failure, he is guilty of such negligence as will prevent any recovery for the injury sustained. Such reasonable use of the senses, however, means such use as an ordinarily prudent and careful person would have used under like circumstances. And so in the case before you, if the plaintiff saw the automobile before it struck him, or by the reasonable use of his senses could have seen it in time to avoid the injury, he could not recover. But if he could not, under the conditions and circumstances existing at the time of the accident, by the exercise of reasonable care have avoided it, he would not be guilty of such negligence as would defeat his right to recover.

[6] This case is based upon the negligence of the defendant, and in order that the plaintiff may recover he must satisfy you by a preponderance of the evidence that there was negligence on the part of the defendant or his servant in the operation of the automobile and that his injuries resulted therefrom. Negligence is not presumed, but must be proved, and the burden of making such proof is upon the plaintiff.

We have in this state a statute passed in April, 1909, regulating the use and speed of motor vehicles, being *Volume* 25, *c.* 120, *Laws of Delaware*, in *Section* 14 of which it is provided: "The following rates of speed may be maintained but not exceeded. Upon any public street or highway where the buildings are less than an average distance apart of one hundred feet, a rate of speed

of one mile in five minutes, shall be permitted, but not exceeded, which, however, shall be reduced to the [rate] of one mile in ten minutes at curves and at intersections of other streets or highways."

If you find from the evidence that the accident took place at an intersection of public streets, in a neighborhood where the buildings were less than an average distance apart of one hundred feet, and the automobile at the time of the accident was running faster than six miles an hour, such speed was in violation of the statute quoted.

Likewise, if the automobile at the time of the accident approached the plaintiff walking upon the public highway, and the operator failed to give reasonable warning of his approach, and was injured without fault on the part of the plaintiff, the defendant would be liable.

[7] The violation of a statute is an act of negligence *per se*, and if the jury believe that the defendant, by his servant, was violating either provision of the statute referred to, then the defendant would be liable in this action, provided such negligence was the cause of the accident and the plaintiff's own negligence did not contribute thereto.

[8] If the defendant's servant drove his automobile on the left or wrong side of the public highway, contrary to the statute, and the injury resulted therefrom without fault of the plaintiff, then the defendant is liable.

Now, gentlemen of the jury, if you believe from a preponderance of the evidence in this case that the defendant, at the time of the accident, was the owner of the automobile that caused the injury to the plaintiff, and that the machine or the person operating it was under the direction and control of the defendant, and shall also believe that the injuries to the plaintiff were caused by the negligent running and operation of the machine, and the plaintiff himself was free from any negligence that contributed to the accident, your verdict should be in favor of the plaintiff.

[9] When the testimony is conflicting, the jury should endeavor to reconcile it so that the whole may be harmonious. If

this cannot be done, then it becomes the duty of the jury to esti-mate and weigh in their minds the value of the testimony on the respective sides, and give their verdict to that side upon which the testimony is of the greatest weight or preponderance and most worthy of credit. In estimating such weight, the jury are to con-sider the witnesses' means of knowledge of the facts, about which they speak, their intelligence, their apparent truthfulness and fairness, and any other facts or circumstances shown by the evi-dence with respect to the witnesses that show the reliability of their statements

[10] If you should find for the plaintiff, your verdict should be for such sum as will reasonably compensate him for his injur-ies, including therein his loss of time and earnings, his pain and suffering in the past, and such as may come to him in the future, resulting from the accident, and also from any impairment of ability to earn a living in the future, as the result of such accident.

Verdict for plaintiff.