SECURITY TRUST AND SAFE DEPOSIT COMPANY, a corporation of the State of Delaware, *vs.* EDWARD DUROSS.

BILLS AND NOTES—ACTIONS—DEFENSES.

Where plaintiff was the holder of a note in due course, that the note was issued by defendant without any consideration, and that the fact was known to plaintiff before it became the holder thereof, is no defense, in view of 26 *Del. Laws, c.* 191, §§ 24, 28, 57 and § 29, providing that a holder in due course holds the instrument free from defect of title of prior parties, that failure of consideration is a matter of defense as against any person not a holder in due course, and that an accommodation party is liable to a holder for value, though such holder, when he took the instrument, knew him to be only an accommodation party.

(*April* 2, 1913.)

Judges BOYCE and CONRAD sitting.
*Herbert H. Ward* (of *Ward, Gray* and *Neary*) for plaintiff.
*J. Frank Ball* for defendant.
Superior Court, New Castle County, March Term, 1913.

ACTION ON THE CASE (No. 60, March Term, 1913), on a promissory note. Motion for judgment notwithstanding affidavit of defense. Judgment for plaintiff.

The plaintiff filed an affidavit of demand with copy of the promissory note annexed thereto for the purpose of obtaining judgment, at the first term, under the statute. The note was made by the defendant to the order of another, and by the latter endorsed and negotiated to the plaintiff. The plaintiff, in the affidavit of demand by its proper officer, deposeth in part, "that said plaintiff is the innocent holder of said promissory note for value, and became such holder upon due endorsement of said promissory note in due course of the business of said plaintiff," etc. The defendant filed an affidavit of defense in which he deposeth "that the said promissory note, the cause of action in said suit, was given without any consideration whatever; all of which was known to the plaintiff corporation before it became the holder of said promissory note."

BOYCE, J., delivering the opinion of the court:

The plaintiff's affidavit of demand is not attacked, and the sole question is the sufficiency of the affidavit of defense upon its face, admitting the facts set up to be true, to constitute a legal defense to the plaintiff's cause of action.

The contention of counsel for the defendant is that as between the original parties to a promissory note, notwithstanding such a note imports a valuable consideration, the question of consideration may be inquired into, and that the principle of law is the same between the indorsee and the maker without consideration, if known to the indorsee at the time the note is negotiated to him,

Counsel for the plaintiff insists that the effect of the affidavit of defense is to show that the defendant was an accommodation maker of the note sued upon, and that although the note was made without consideration to the maker, the fact does not constitute a legal defense to the action, the payee in the note having negotiated it to the plaintiff for value in due course of business.

There is no denial that the plaintiff is the holder of the note in due course, within the provisions of *Section* 52, *Chapter* 191,

*Volume* 26, *Laws of Delaware*, 410.   By *section* 57 of said act a holder in due course holds the instrument free from any defect of title of prior parties, and free from defences available to prior parties among themselves, etc.   By *section* 24 every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon, to have become a party thereto for value; and by *section* 28 absence or failure of consideration is matter of defense as against any person *not a holder in due course*.   *Section* 29 defines an accommodation party, and provides that such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.

In view of the general scope and declaratory provisions of said act, we are of the opinion that the matters set up in the affidavit of defense do not constitute a legal defense to the note sued upon, and that the plaintiff is entitled to judgment notwithstanding the affidavit of defense filed.

Judgment is entered for the plaintiff, amount to be ascertained by the prothonotary, from plaintiff's affidavit of demand.