JAMES SHERIDAN, Appellant, v. WILLIAM LIMBRECHT et al., Appellees.

574

MARCH 6, 1928.

*Wolfe, Wolfe & Claussen*, for appellant.

*W. J. Keefe, E. L. Miller*, and *C. C. Putnam*, for appellees.

EVANS, J.—I. The defendant William Limbrecht was the driver of the automobile, and was the employee of the defendant Walter Limbrecht, the owner of the automobile. The alleged negligence of William Limbrecht only is involved in the record, and for the purpose of our discussion, he will be referred· to as though sole defendant.

The accident under consideration occurred in the city of Clinton, upon Eleventh Avenue, which is an east and west street. This street is intersected by north and south streets  numbered seven and·eight. The defendant was driving west on Eleventh Avenue. The plaintiff was a pedestrian, crossing Eleventh Avenue, not at an intersection, but at an intermediate place between Seventh and Eighth Streets. The plaintiff, with his arms full of grocery packages, while walking in some haste across the street, was struck by defendant's automobile,· and was severely injured. The story more in detail is

that plaintiff was a grocery clerk in the employ of his brother, in a grocery store located at the northeast intersection of Eleventh Avenue and Eighth Street. The store fronted south on Eleventh Avenue, and was bounded on its west side by Eighth Street. As closing time approached, there were several grocery orders waiting for delivery,—the regular delivery clerk being otherwise engaged. The plaintiff undertook their delivery, and placed them in his automobile for that purpose. He drove across Eleventh Avenue, and turned east along its south curb, and stopped and parked on such curb in front of Nelsons', three doors west of Seventh Street. He had an order to be delivered at McVeys', which was just across Eleventh Avenue north from Nelsons'. It was in the making of this delivery that he collided with defendant's automobile. The accident occurred on November 2d, at 5:30 P. M. On that evening the sun had set at 4:55. The lights had not been lit on defendant's car at the time of the collision. The general negligence charged in the petition was the failure of defendant to discover the plaintiff and to stop in time to prevent collision. The specific negligences charged were two: (1) That the defendant was driving on the left side of the center line of the street; (2) that he was driving without lights, and in violation of the statute. Because plaintiff's injuries had resulted in his unconsciousness, he was not able to testify to the immediate circumstances of the actual collision. At that point his testimony was as follows:

"I looked both ways for cars, and I couldn't see no cars coming. I started across the street with the order,—that is the last I can remember. I was hurt that night; I don't think I was quite to the middle of the street before I was hurt. I don't know what happened. I have no recollection of it."

Plaintiff's witness Higgins was an eyewitness to the accident. He was walking west along the north side of Eleventh Avenue when the defendant's car drove by, just before the collision. He came to the place of the accident immediately following. Eleventh Avenue is 35 feet between the curbs. There is no evidence in the record that the defendant was driving on the left side of the center line, unless the evidence of the plaintiff, above quoted, is to be deemed such. The plaintiff was struck by the right fender of the automobile. When he fell to the pavement, he was on the right-hand side of the defendant.

The automobile was on the north side of the center line of the street. The car proceeded after the collision a distance of a few feet, and was brought to a stop. It stood at an angle of 45 degrees, pointing southwest. No part of it had crossed the center line. Such was the testimony of Higgins, and it is undisputed. It must be said, therefore, that plaintiff was not caught unawares on the left side of the center line.

Under the statute, lights were due at 30 minutes after sundown. Defendant's lights were not on. Did this failure operate as a proximate cause? Or did it prevent the plaintiff from discovering the approach of the automobile? The evidence is undisputed that it was not yet dark. The day had been a clear day, and the evening was likewise. The street lights were not yet on. The plaintiff testified that his own lights were on, and that he saw lights on an east-bound automobile. No other automobile lights were observed by any witness. The defendant's automobile had been converted into a delivery truck, with a box behind the seat, and with the name of the firm lettered thereon. Higgins testified that, when the defendant's vehicle passed by him, he recognized it by the lettering, which he could read. It is undisputed that vehicles upon the street were plainly visible. The plaintiff himself testified that "it was a little dark." The plaintiff testified also, as hereinbefore indicated, that he looked both ways for cars. There is some confusion in his testimony as to *when* he looked. He testified on cross-examination that it was when he was behind his car, getting his packages. He also testified that he looked just as he started. He was 48 years old, and for aught that appears, had normal hearing and vision. His own car could not have been more than eight or nine feet from the center line of the street. If he looked toward the east, when he left his own car, he must have seen the defendant's car. If he failed to see it, it must have been because he did not in fact look. It is manifest that he did not see it. His testimony indicates uncertainty as to how fast he was going. Concededly, he was under the stress of haste to complete his delivery job. It is argued for him that he had a right to cross the street at any place, and this is legally so. But this right does not absolve him from the duty of ordinary care. In so doing he knew that he was incurring danger. The vigilance required by ordinary care is proportionate to the known danger present. In making

this crossing at an unusual place, he knew that he was likely to encounter passing automobiles, and ordinary care required of him that he should be on the lookout against collision with them. As between a pedestrian and an automobile on the street, the pedestrian has the better opportunity to avoid collision. If an automobile is about to pass in front of him, he can readily stop. But if he attempts to pass in front of an automobile, the problem is more difficult. In this case, the automobile was proceeding at 15 miles an hour. When the plaintiff proceeded to cross its path, the automobile was in plain view of him, and was necessarily within a very few feet from him. He could not have failed to see it, if he had looked. No excuse is shown for his failure to look. We think he was clearly guilty of contributory negligence. *Borland v. Lenz*, 196 Iowa 1148; *Brekke v. Rothermal*, 196 Iowa 1288; *Bishard v. Engelbeck*, 180 Iowa 1132; *Ryan v. Trenkle*, 199 Iowa 636; *Ryan v. Trenkle*, 203 Iowa 443; *Wine v. Jones*, 183 Iowa 1166; *Livingstone v. Dole*, 184 Iowa 1340.

We think it must be said, also, that the only negligence shown, as against the defendant, was his failure to put on his lights at 5:25. This, however, was not the proximate cause of the accident. We reach the conclusion that the trial court properly directed the verdict.

II. The brief of appellee, in citing our own cases for our consideration, has failed to state where such cases may be found in the official reports. This is a violation of the rule No. 30,  Sub. 7, which is very important to us. The breach of duty here pointed out is one that has its mitigations in the busy life of a lawyer, and we are disposed to look upon it charitably. Indeed, we have often closed our eyes to it, hoping that it might not often occur. Such hope is having too many disappointments. A light penalty may be educational, and prove serviceable both to attorneys and to the court. The appellee herein will be taxed with the costs of his own brief.

The judgment is affirmed.—*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.