MARGUERITE W. STAWSKY, Administratrix, Appellant, v. HAROLD WHEATON et al., Appellees.

No. 43048.

NOVEMBER 19, 1935.

REHEARING DENIED FEBRUARY 15, 1936.

Ralph N. Lynch and Louis J. Garsh, for appellant.

Stipp, Perry, Bannister & Starzinger and W. C. Hoffmann, for appellees.

ALBERT, J.—Fifth avenue is a north and south paved street in the business district of Des Moines. Mulberry street is an east and west paved street, terminating at Fifth avenue. On Fifth avenue is a single street car track in the center of the street. On Mulberry street is also a single street car track, running west and connecting with the Fifth avenue street car line by a Y. On the east side of Fifth avenue is the government building, and on the south side of Mulberry street, facing the government building, is the county courthouse. On the northwest corner is a seven-story building known as the Youngerman building.

About 1:30 o'clock in the afternoon of December 11, 1934, Worrell and one Lichty were on the northwest corner of Fifth avenue and Mulberry street. They started directly across the street to the east side thereof on a line which would correspond to the sidewalk line if the sidewalk line on the north side of Mulberry street were projected over the pavement to the east side thereof. Lichty was a couple of steps ahead of Worrell. The streets were at that time icy and had ruts in them.

At that time an automobile approached from the west on Mulberry street and cut the corner at the northwest thereof, thus approaching the deceased from either the side or the rear. On observing same, he stopped, and this car came to a stop about 6 feet south and east of where Worrell stopped. When this car stopped, Worrell moved forward on what would be the sidewalk line. The defendants' car came from the south and was about 152 feet from Worrell at the time he started across the street. It was then traveling approximately 25 miles an hour, and as it approached this projected sidewalk crossing it slowed down, and as it approached the place where the deceased was struck a witness testifies it was going 20 miles an hour and was traveling astraddle of the east rail of the street car track. After the first-named car, which came from Mulberry street, stopped with its front wheels near the west rail of the street car track on Fifth avenue, the deceased Worrell moved forward, and the only witness who gives the details of just how the accident occurred says that after this car stopped Worrell moved forward, looking straight ahead, and after he had moved forward several steps the defendants' car, approaching from the south, collided with him. The explanation given by the witness is that Worrell was struck by the defendants' car, by the left front wheel and the

left front fender thereon, and that he fell backward and landed on the pavement on the left-hand side of defendants' car. The evidence shows that after Worrell had stopped on account of the first car, he did not look to his right or the south until about the time the defendants' car struck him. It will be noticed from the evidence that the car from Mulberry street, having stopped about 6 feet south of the sidewalk line with its front wheels at about the west rail of the street car track on Fifth avenue, and the defendants' car approaching from the south astraddle of the east rail, the situation is such that when the deceased passed in front of the automobile from Mulberry street, the cars passing thus close to each other, he would practically step from in front of the car from Mulberry street in front of the defendants' car. The evidence shows that the deceased was struck by the defendants' car at a point in the middle of Fifth avenue.

This is a summary of the facts as shown by the record, construing the evidence most favorably for the plaintiff.

The defendants at the close of plaintiff's testimony made a motion to direct a verdict, among the grounds of which are two; one, that there was no evidence of negligence on the part of the defendants, and the other that plaintiff's own evidence shows that the deceased was guilty of contributory negligence as a matter of law. This motion was sustained. Passing the question of whether the defendants were negligent or not, we think that the evidence conclusively shows that the deceased was guilty of contributory negligence as a matter of law. The plaintiff was bound to make a *prima facie* showing that the deceased was not guilty of contributory negligence before she was entitled to recover. So many pronouncements have been made on this doctrine that citation of authority is hardly necessary, but see Whitman v. Pilmer, 214 Iowa 461, 239 N. W. 686; Spaulding v. Miller, 216 Iowa 948, 249 N. W. 642; Sheridan v. Limbrecht, 205 Iowa 573, 218 N. W. 278; Jarvis v. Stone, 216 Iowa 27, 247 N. W. 393; Norris v. Lough, 217 Iowa 362, 251 N. W. 646, as some of the later cases in which we have discussed this question.

Having reached this conclusion, after a careful study of the record and exhibits, we conclude that the decision of the district court was right.—Affirmed.

KINTZINGER, C. J., and PARSONS, DONEGAN, RICHARDS, POWERS, and HAMILTON, JJ., concur.