Rollin N. Andrew, appellant, v. Eldon Clements, appellee.

No. 47760.

(Reported in 45 N.W.2d 861)

FEBRUARY 6, 1951.

Steward & Crouch, of Des Moines, for appellant.

Whitfield, Musgrave, Selvy, Fillmore & Kelly, of Des Moines, for appellee.

WENNERSTRUM, C. J.—Plaintiff seeks recovery of damages for personal injuries sustained by him as a result of an accident at a street intersection when the plaintiff, a pedestrian, collided with the side of an automobile owned and operated by the defendant. The trial court, at the close of all the evidence, held that the plaintiff was guilty of contributory negligence as a matter of law, withdrew all specific charges of negligence, and only submitted to the jury the issue of last clear chance. The jury returned a verdict for the defendant. The plaintiff has appealed.

The accident which has occasioned this litigation occurred at the intersection of Seventh and Cherry Streets in Des Moines. Cherry Street runs east and west and Seventh Street runs north and south. A viaduct runs in a north-and-south direction directly over Seventh Street, and Cherry Street runs under this viaduct approximately one block to the south of its north end. There are concrete abutments immediately to the north of Cherry Street which support the viaduct. They close the area to the north under it as the viaduct proceeds on a declining grade north

from Cherry Street. There are sidewalks extending north and south from Cherry Street paralleling the concrete abutments. The sidewalks on both sides of Seventh Street south of Cherry Street are directly opposite those on the north side, and it is claimed that the extension of this sidewalk north and south across Cherry Street constitutes a crosswalk. The street underneath the viaduct to the south of Cherry Street is open for traffic. A short distance to the south of Cherry Street there is a tool house or small building which obstructs the east walk paralleling the viaduct at the street level. It is also shown that in the area immediately south of Cherry Street and under the viaduct, automobiles park on both sides of the street. This condition was present at the time of the accident which occurred on March 25, 1948, about nine o'clock in the morning.

The appellant is employed as a city salesman by the Carpenter Paper Company whose place of business is located on the west side of Seventh Street and south of Cherry. On the morning of the accident he walked up Seventh Street from his employer's place of business for the purpose of reaching the business section of the city east of Seventh Street. The appellant testifies that he proceeded up the center of the street underneath the viaduct because of the small building blocking the sidewalk on the east side and also by reason of the parked automobiles on the east side of the street. It is the claim of the appellant that by reason of the accident he has no memory of what happened after he had passed a point forty feet south of Cherry Street. He stated that it was his intention to proceed up the center of Seventh Street to the south side of Cherry Street, then eastward to the crosswalk, then northward across Cherry Street in the east crosswalk. There is divergence of testimony whether the appellant was within the east crosswalk or was farther to the west at the time of the accident.

Cherry Street is approximately forty-two feet wide from curb to curb. Immediately prior to the time of the accident the automobile driven by the appellee was proceeding in a westerly direction on the north side of Cherry Street at a speed of not to exceed twenty miles per hour.

Inasmuch as the testimony of the witnesses who were near

the place of the accident at the time it occurred is of importance in reaching our decision, we shall set out a summarization of it.

Mrs. Virginia Snell testified that she was at the northwest corner of Seventh and Cherry at the time of the accident; that she saw Mr. Andrew walking from the south towards Cherry Street and that about the same time she observed an automobile approaching from the east which was then about a half a block from Seventh Street; that at the time she first saw the car, Mr. Andrew was three or four feet on the other side of Cherry Street or just coming into it; that she did not observe any change in the speed of the car and did not remember hearing any horn sounding or observe any swerving or turning aside of the automobile before the collision; that she did not see exactly what part of the car came in contact with him; that he was walking in the east crosswalk and that after the accident Mr. Andrew was lying southeast of the center of Seventh and Cherry. On cross-examination she testified that she could see Mr. Clements' car coming from the east; that she stopped to let it pass; that about that time she saw Mr. Andrew start across the street; that he was walking close to the cars that were parked in the area south of Cherry Street and under the viaduct and that as he started across Cherry Street he continued in a general northerly direction; that she did not see him turn his head either way and did not see him look in either direction. She later qualified that statement by stating that she was not watching him but was observing a brief case that he was carrying. She testified that at no time was the appellant in front of the car and that if he had been in front of it she would have seen him getting hit, but she did not know what part of the car hit him; that she did not think there was going to be a collision until after it happened and that Mr. Andrew was still walking when she last saw him.

Frank M. Wheeler, who testified for the appellant, stated that he did not know for sure where the appellant was with respect to the open passageway on the east side of the viaduct and that the appellant was in the street; that he could not give any judgment where the appellant was with respect to being south of the open passageway and did not know where he was with respect to the center of Cherry Street; that it was hard to define exactly where the crosswalk was in reference to where appellant

was lying but that he was close to it; that the appellant was not lying under the viaduct and that he did not believe he was lying too far south; that he did not actually see the impact between the appellant and the automobile, and the first thing he saw was a man turn and fall to the pavement.

The appellee testified that the appellant collided with his car about twelve to fifteen feet west of the east sidewalk line on the east side of the viaduct and that there is a manhole about fifteen to sixteen feet west of the west edge of the east sidewalk (crosswalk); that he did not change the course or speed of his car at any time before the collision and did not sound his horn; that the appellant came in contact with the rear end of the left front fender just ahead of the windshield post; that at the time of the impact he had his left arm lying on the window sill of the car and that the appellant came in contact with his elbow; that after he stopped his car he got out and walked back to where Mr. Andrew was lying by the side of the manhole cover. He denied that he had made a statement to Mrs. Snell at the time of the accident that he saw the pedestrian and thought he was going to stop. He also stated that following the accident he inspected the left side of his car and that dirt was off the rear end of the back fender, and that he observed fragments of flesh on the car door handle. It was his further testimony that he was probably forty or fifty feet east of Seventh Street when he first saw Mrs. Snell on the corner and that he continued to observe her until just before he saw the appellant. On cross-examination he stated that he was watching his line of traffic, that there was nothing in the way that he was going to hit and that he did not expect anybody to run into the side of his car; that he never saw anybody at any time come from the south until just the instant before the appellant struck his car. In answer to an inquiry whether he looked to the south he stated: "Well, not directly south, no." He also testified that immediately prior to the collision the appellant was apparently endeavoring to move back away from the car and was trying to avoid running into it—just trying to stop; that he saw that the front end of his car did not hit the appellant; that he just scraped along the side of the car; that the point of impact was about twelve to fifteen feet west of the west edge of the crosswalk and that after

the accident the appellant lay just around fifteen to sixteen feet from it; and that as the appellant struck the car he kind of turned and went down.

Lawrence A. Hall, a resident of Council Bluffs, was driving east on Cherry Street at the time of the accident. He stated he saw a pedestrian start from the south side of the street to cross Cherry; that when he first saw him he was coming out from underneath the viaduct in the opening; that the opening to which he refers is the street portion of Seventh Street; that when he first saw this pedestrian he, Hall, was about one hundred to one hundred twenty-five feet west of the viaduct, and as the pedestrian crossed the street he traveled due north; that he observed a car approaching from the east and that he saw the collision take place between the pedestrian and the approaching car; that the pedestrian came in contact with the car at the point of the windshield and the left front door; that the impact with the appellee's car spun the appellant around, that he fell east away from the car and that he was not carried by the car; that before the appellant was moved he lay ten to fifteen feet into the area from the edge of the street going south; that he observed the left front fender of the appellee's car and that it showed there had been a brush mark; that he observed a dent in the window (frame) of the left-hand door and saw some flesh on the handle of that door. On cross-examination Mr. Hall testified that when he first saw Mr. Andrew he was a little farther south than the south curb line of Cherry Street; that there was a Y or an opening about where he first saw him. He also testified on cross-examination that after the accident Mr. Andrew lay under the viaduct east of the center of Seventh Street. He again stated that the car spun Mr. Andrew and he fell eastward a matter of a foot or so; that the appellant was definitely in his line of vision all the time from the time he saw the appellant two or three feet south of the south curb line of Cherry Street up until the time of the impact.

I. It is appellant's claim that the court erred in withdrawing all charges of negligence, except that the appellee might be held liable under the rule of last clear chance and in holding as a matter of law that appellant was guilty of con-

tributory negligence. A pedestrian who is crossing a street within an unmarked crosswalk at an intersection has the right of way. Section 321.327, 1946 Code. A pedestrian who is crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. Section 321.328, 1946 Code.

As previously stated, there are contrary statements whether the appellant was in the crosswalk. However, viewing the testimony of the appellant in its most favorable light we have concluded that the jury might find, if given the opportunity to decide, that the appellant was in the east crosswalk. Mrs. Snell testified: "Mr. Andrew was crossing the street on the east side of Seventh Street. * * * I would say on the east side of it. * * * In the east crosswalk." It is true that on cross-examination this witness was asked whether the appellant was walking and following a course three or four feet west of the cars that were parked on the east side of the area south of Cherry Street and that she replied: "No, I would say that he was walking right close to the cars. * * * I would not say it would be two feet." This last statement could not be considered a denial and contradiction of the prior statement. Admitting for the purpose of argument that the two statements are contradictory, yet under such circumstances it is for the jury to decide which one it will believe. Likewise we should consider the apparent variance of testimony by Mrs. Snell and Mr. Hall relative to the point from which Mr. Andrew started when he stepped into the street. It was for the jury to decide which witness to believe.

A pedestrian at a crosswalk has a duty to exercise ordinary care to avoid a collision with vehicles, but when there is a danger of collision the one having the preference has the right to the first use of the crossing and it is the duty of others to give the one having such preference a reasonable opportunity to proceed. Switzer v. Baker, 178 Iowa 1063, 1071, 1072, 160 N.W. 372; Rolfs v. Mullins, 179 Iowa 1223, 1229, 162 N.W. 783; see also annotation 96 A. L. R. 786. Even where there are inconsistencies and contradictions of testimony by a witness or witnesses, yet it is for the jury to decide relative to the different versions. Switzer v. Baker, 178 Iowa 1063, 1069, 160 N.W. 372.

■ II. It is the contention of the appellant that because of his loss of memory resulting from the accident he is entitled to the benefits of the no-eyewitness rule to the effect that he exercised due care. He maintains that he does not remember anything that happened after he had proceeded north on Seventh Street to a point approximately forty feet south of Cherry Street. Prewitt v. Rutherford, 238 Iowa 1321, 30 N.W.2d 141. In the cited case we held that where, as the result of an accident, loss of memory occurred relative to the events leading up to the accident and an eyewitness did not see the injured party's conduct prior to it, the one so injured is entitled to the benefit of the presumption that he exercised due care for his own safety. However, where there are eyewitnesses who testify relative to actions of parties at all times material to the issues involved, the rule does not apply. Spooner v. Wisecup, 227 Iowa 768, 772, 288 N.W. 894; Edwards v. Perley, 223 Iowa 1119, 1128, 274 N.W. 910, and cases cited. We shall not repeat the testimony heretofore set out, but it is very evident from a reading of it that the presumption of due care under the no-eyewitness rule is not applicable in the present case.

■ ■ III. It is appellant's further claim that inasmuch as he had the right of way at the crosswalk, he was free from contributory negligence without any showing that he looked and listened. In support of this claim he cites Gearhart v. Des Moines Ry. Co., 237 Iowa 213, 21 N.W.2d 569; Roe v. Kurtz, 203 Iowa 906, 210 N.W. 550; Orth v. Gregg, 217 Iowa 516, 250 N.W. 113. Inasmuch as we are under obligation to consider appellant's evidence in the light most favorable to him, we should also give consideration to the authorities applicable to a situation where one was injured at a crosswalk. In considering the question of appellant's claimed contributory negligence we should keep in mind the circumstances under which the accident occurred. Mrs. Snell testified that she did not observe whether he turned his head in either direction, as she was observing his brief case. Mr. Hall did not testify relative to whether Mr. Andrew was looking towards the west and the approaching Hall car. It is quite possible that the Hall car might have been a diverting circumstance that prevented the appellant from momentarily observing the approaching Clements car. The exercise of ordinary care on the

part of a pedestrian does not impose upon him the burden of keeping a constant lookout for approaching vehicles. Lawlor v. Gaylord, 233 Iowa 834, 838, 10 N.W.2d 531. In this last cited case the failure to keep a constant lookout or to look again is held not contributory negligence as a matter of law, citing Swan v. Dailey-Luce Auto Co., 225 Iowa 89, 277 N.W. 580, 281 N.W. 504; Read v. Reppert, 194 Iowa 620, 190 N.W. 32; Roberts v. Hennessey, 191 Iowa 86, 104, 181 N.W. 798, 806; Huffman v. King, 222 Iowa 150, 268 N.W. 144. In the case of Robertson v. Carlgren, 211 Iowa 963, 973, 234 N.W. 824, 829, we find a factual situation somewhat similar to that in the instant case. In this case there was a question whether the accident occurred at a street intersection and whether the injured person walked into the side of a car. We there stated:

"Three contentions are contained in appellant's argument: First, that appellee's intestate crossed between, rather than at, the intersections; second, that she walked directly into the side of appellant's automobile; and third, that she was looking at the ground, rather than to either side, while going across the street. Two of those theories have already been discussed under Proposition I, and it is unnecessary to further pursue the matter here. It is enough to say, therefore, that a jury question was presented: First, concerning where appellee's intestate crossed the street; and second, whether she ran into the automobile or it ran against her. So far as those two propositions are concerned, therefore, a jury question was clearly presented regarding the contributory negligence of appellee's intestate. That being true, there is left but one further matter for consideration.

"Did appellee's intestate make proper observations for her safety when crossing East Main Street at the time in question? Although courts sometimes declare pedestrians guilty of contributory negligence as a matter of law, it is to be remembered that 'the presence or absence of contributory negligence, generally speaking, is peculiarly a question for the jury, rather than the court, to detect and settle.' Murphy v. Iowa Elec. Co., 206 Iowa 567, 571."

It is our conclusion the appellant in the instant case was not guilty of contributory negligence as a matter of law when

we consider his evidence in the light most favorable to him and that the question of his claimed contributory negligence should be submitted to the jury.

IV. It is a further contention of the appellant that the court failed to give an instruction requested by appellant relative to proof by circumstantial evidence. We have given consideration to the requested instruction, as well as the instruction given on this particular point. We find that the thoughts incorporated in the requested instruction are included in the one given by the court. Consequently there was no error.

For the reasons heretofore stated, this cause is reversed and remanded.—Reversed and remanded.

BLISS, GARFIELD, MULRONEY, HAYS, and THOMPSON, JJ., concur.

OLIVER and SMITH, JJ., dissent.

MANTZ, J., not sitting.