LOUISE KATIE FLOYD, an infant, by her next friend, Katie Floyd, and KATIE FLOYD, mother of said minor, Plaintiffs-below, Appellants, v. EDWARD V. LIPKA, Defendant-below, Appellee.

(*February* 25, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Samuel R. Russell* (of the firm of Simon and Russell) for plaintiffs-below, appellants.

*William Prickett, Jr.* (of the firm of Prickett and Prickett) for defendant-below, appellee.

Supreme Court of the State of Delaware, No. 52, 1958.

BRAMHALL, J.:

This appeal is concerned with the question of whether a minor plaintiff, about to cross a street intersection after looking before entering the street and again looking when she stepped off the curb, was guilty of contributory negligence as a matter of law for failing to look thereafter.

Viewing the evidence, as we must, in the light most favorable to plaintiff, the facts are substantially as follows: At about seven o'clock in the evening of November 4, 1955, the minor plaintiff, a young girl twelve years of age (plaintiff), and a girl

friend were returning home from the drugstore at the southeast corner of Lancaster Avenue and Harrison Street, in the City of Wilmington. They were intending to cross the street at the intersection. It was dark. Plaintiff was wearing a white blouse without a coat. Both Lancaster Avenue and Harrison Street are two-way streets, Lancaster Avenue running east and west and Harrison Street north and south. The roadbed from curb to curb on Lancaster Avenue is 38 feet wide; that on Harrison Street is 34 feet wide. There are stop signs at the intersection against traffic proceeding on Harrison Street.

Before proceeding to cross Harrison Street, plaintiff looked for traffic on Harrison Street in both directions. She saw several cars stopped at the intersection on Harrison Street, on the south side of Lancaster Avenue, in obedience to the stop sign. From the north she saw no traffic except several cars parked at the west curb of Harrison Street. Plaintiff stepped off the sidewalk. She paused and looked around to see if her friend was following her. Then she looked again in both directions for traffic on Harrison Street, with the same result. She then proceeded to cross. She did not look thereafter. When plaintiff had reached a point in the intersection approximately four feet from the west curb of Harrison Street, she was struck by the right front fender of defendant's automobile proceeding in a southerly direction on Harrison Street. Plaintiff did not see defendant's car before it struck her. Defendant admitted to plaintiff's mother that he had been in his uncle's saloon located on the northwest corner of Lancaster Avenue and Harrison Street.

At the trial defendant moved for a directed verdict for defendant. The trial judge in granting defendant's motion stated that it was apparent that if plaintiff had looked again after she reached approximately the center of the intersection, she would have seen defendant's car approaching and could have avoided being hit. This appeal is from the judgment entered upon the trial judge's order.

The only question presented is: Was plaintiff, after looking before entering the intersection and again looking after stepping into the street, guilty of contributory negligence as a matter of law for failing to look thereafter?

We think that the question of plaintiff's contributory negligence was for the jury to determine and that the trial judge erred in holding as a matter of law that plaintiff was guilty of contributory negligence for failing to look again or to continue to look while crossing the intersection.

■■ Plaintiff was under a duty at all times when she entered the intersection to use ordinary care to protect herself against accidents. That care is such as a reasonable and prudent person under the circumstances of the case would exercise to prevent herself from being injured. It must be in proportion to the danger to be avoided. *Parvis v. Philadelphia, W. & B. R. Co.*, 8 *Houst*. 436, 17 *A*. 702. At a street intersection it was her duty to observe traffic conditions, particularly the movement of traffic in the intersection.

■ Defendant was under a duty to operate his motor vehicle in a careful and prudent manner, having due regard to the circumstances. It was his duty to observe the stop sign at the intersection. *Title* 21, § 4143, *Del. C.* 1953 provides that it shall be unlawful for a driver of a motor vehicle (1) to fail to stop in obedience to such a sign, and (2) after coming to a full stop, to enter or cross such intersection until such movement can be made in safety. The evidence does not disclose whether or not defendant stopped at the stop sign, but it does show that defendant's motor vehicle entered the intersection and struck the plaintiff. For the purpose of defendant's motion, his negligence was necessarily conceded.

■■ Defendant was under a further duty to yield the right of way to plaintiff. In 21 *Del. C.* § 4138(c), 1953, it is provided that "the driver of a vehicle upon a highway within a business or a residence district shall yield the right of way to a pedestrian crossing such highway within any clearly marked

crosswalk or any regular pedestrian crossing * * *." Section 302(a) of the Motor Vehicle Laws, Traffic Regulations and Rules of Drivers, of the Street and Sewer Department of the City of Wilmington is to the same effect. Under similar statutes in a number of jurisdictions, the highest courts of those states have held that a driver approaching an intersection must yield the right of way to a pedestrian crossing at the intersection or crosswalk. *Volpe v. Perruzzi,* 122 *N. J. L.* 57, 3 *A.* 2d 892; *Legum v. State, for Use of Moran,* 167 *Md.* 339, 173 *A.* 565; *McDonald v. Wickstrand,* 206 *Wis.* 58, 238 *N. W.* 820; *Andrew v. Clements,* 242 *Iowa* 144, 45 *N. W.* 2d 861; *Sanal v. Meador,* 108 *Cal. App.* 2d 820, 239 *P.* 2d 908. While this does not give a pedestrian a license to cross an intersection regardless of approaching traffic or relieve him of his duty to look out for his own safety as an ordinary prudent person would do under the circumstances, the fact that the pedestrian has the right of way is a circumstance to be considered in determining whether or not the pedestrian is guilty of contributory negligence. *McDonald* v. *Wickstrand, supra; Lord v. Austin, Mo. App.,* 39 *S. W.* 2d 575; *Rhinehart v. Jordan,* 313 *Pa.* 197, 169 *A.* 151.

■■ Contributory negligence becomes a question of law for the court's decision only when the court is impelled to find from the facts that reasonable men can draw therefrom but one inference pointing clearly to the negligence of the plaintiff contributing to the accident. *Nailor v. Maryland, D. & V. R. Co.,* 6 *Boyce* 145, 97 *A.* 418. In making such determination a court will, of course, view the evidence in the light most favorable to plaintiff. In this case the stop sign was with plaintiff. Therefore her right of way was superior to that of defendant approaching the intersection on Harrison Street. *Snyder v. Nehila,* 184 *Pa. Super.* 89, 132 *A.* 2d 355. She had the right to assume that a motor vehicle proceeding on Harrison Street would stop at the stop sign and would not enter the crossing until the operator thereof could do so with safety. *Newman v. Protective Motor Service Co.,* 298 *Pa.* 509, 148 *A.* 711. See *Annotation of cases* in 164 *A. L. R.* at page 64.

The cases relating to the duty of operators of motor vehicles and the duties of pedestrians at intersections are legion. An examination of many of these cases discloses that the liability of the parties hinges upon the peculiar circumstances of each case. A pedestrian entering a street crossing in a lawful and prudent manner is generally not bound as a matter of law to look continuously for the approach of automobiles, particularly when she has entered the interesction. *Patterson Transfer Co. v. Schlugleit*, 6 *Cir.*, 252 *F.* 359, 164 *C. C. A.* 283; *Harker v. Gruhl*, 62 *Ind. App.* 177, 111 *N. E.* 457; *Shaw v. Bolton*, 122 *Me.* 232, 119 *A.* 801; *Weidner v. Otter*, 171 *Ky.* 167, 188 *S. W.* 335; *Kupperberg v. American Druggists Syndicate*, 212 *App. Div.* 311, 208 *N. Y. S.* 629; *Redick v. Peterson*, 99 *Wash.* 368, 169 *P.* 804. Considering the circumstances of this case—that of a twelve-year-old girl crossing the intersection with a stop sign in her favor and being struck by defendant's automobile just as she was about to step on the sidewalk on the far side of the street— we cannot say that plaintiff was guilty of contributory negligence as a matter of law in failing to look a third time or to continue to look as she proceeded across the intersection. In our view, that was a question for the jury to determine.

The judgment of the Superior Court is reversed and a new trial granted.