JOSEPH H. DINEEN, Plaintiff, v. CITY AND SUBURBAN CAB COMPANY, INC., (formerly known as City Cab Company), a corporation of the State of Delaware, Defendant.

(*May* 24, 1961.)

STIFTEL, J., sitting.

*Ernest S. Wilson, Jr.*, and *William T. Lynam, III*, for plaintiff.

*Herbert L. Cobin* (of Coxe, Booker, Walls and Cobin) for defendant.

Superior Court for New Castle County, No. 1166, Civil Action, 1958.

STIFTEL, J.:

Motion for summary judgment based on plaintiff's affidavit and deposition.

Plaintiff, Joseph H. Dineen, left the drug store at 22nd and Pine Streets in the City of Wilmington with the intention of returning to his home, located at 823 East 26th Street. He walked north on Pine Street to 23rd Street and then turned east on 23rd Street toward Spruce Street.

Plaintiff slowed down approximately 35 feet west of the bus stop which was located on the southwest corner of 23rd and Spruce, and when he was 10 feet from the corner of this intersection, he waited in order to allow a bus to pass him, so that it would not stop for him. The bus turned and traveled south on Spruce Street, the only direction in which it could go because Spruce came to a dead end at this intersection.

When plaintiff was about 9 or 10 feet west of a Delaware Power & Light pole, and where the yellow line of the coach stop was located, he started to step off the curb in order to go in a northeasterly direction across 23rd Street to the park, at an approximate 45° angle. When he had one foot on the curb and one foot off the curb, he momentarily saw a vehicle on his left, threw up his left hand, and was struck by defendant's cab and thrown against the Delaware Power & Light pole, which was located at or near the intersection, and he then bounded backward and landed on his back on the lawn on the southwest corner of 23rd and Spruce Streets.

Plaintiff's affidavit indicates that at the time he was struck by defendant's cab, it did not have on its headlights or running lights and it was past the hour when motor vehicles were required by law to have lights lighted on the front of their vehicles.[1] A more exact time appears in plaintiff's deposition, where he states that the accident occurred about 8:30 or 9:00 in the evening of October 4, 1957.

---

[1]Plaintiff states, in his brief, that the accident occurred at a time more than ½ hour after sunset. However, this fact does not appear in the record.

Plaintiff states that there were two women passengers in the cab who were in a hurry to get to their places of employment and that when he saw the cab at a stopped position on Spruce Street after the defendant driver, Bennett, had left the cab to talk with him, he noticed that the words "City Cab" were on the top of the vehicle and that the dome of the cab was "lit".

Plaintiff said that Bennett asked him, "Are you hurt?". Plaintiff then states that the cab driver said, "Come on. I haven't got time to fool with you. I have got a living to make." The cab driver wrote his name, number and employer on a card, and then departed in order to take the two passengers to their jobs.

Defendant filed a motion for summary judgment contending that plaintiff was contributorily negligent as a matter of law and/or that the defendant was free of any negligence as a matter of law.

A person crossing a public street of a city is required to make reasonable use of his senses in order to observe an impending danger. If he fails to do so, and is injured by reason of such failure, he is guilty of negligence which will prevent recovery for his injuries. This means that, in the use of his senses, he must act as an ordinary prudent and careful person would have acted under like circumstances. *Grier v. Samuel*, 4 *Boyce* 106, 86 *A.* 209; *Hannigan v. Wright*, 5 *Pennewill* 537, 63 *A.* 234.

A pedestrian must not deliberately enter into danger which proper use of his sight would disclose to him would be impending. A pedestrian must look for the purpose of finding out if it is safe to cross a street. *Floyd v. Lipka*, 51 *Del.* 487, 1 *Storey* 487, 148 *A.* 2d 541; *Yoder v. Charleston Transit Company*, 119 *W. Va.* 61, 192 *S. E.* 349.

For the purpose of this motion, I must consider the facts most favorable to the plaintiff. *Floyd v. Lipka*, 1

*Storey* 487, 148 *A.* 2d 541, 544. The defendant argues that the plaintiff could not have looked without seeing the approaching vehicle in that he took only one step into the street when he was hit.

■ It is generally true regarding the requirements of the law as to looking, that one must look for the purpose of finding out; and the circumstances may be such that the Court will not listen to the plea of a pedestrian that although he looked, he did not see what was immediately in front of him in plain view. The testimony of a witness that he looked and did not see an object which he should have seen had he looked is normally not worthy of serious consideration. *Yoder v. Charleston Transit Company, supra.*

■ There is an absence of important facts from the record in this case. It is difficult to determine from the record whether or not it was dark. In his affidavit, plaintiff supplies the information that it was the time of day which required the use of headlights. In his deposition he states the time to be 8:30 or 9:00 in the evening. In his brief, plaintiff says it was one-half hour after sunset. I cannot determine from this record whether or not darkness actually existed, or the degree of darkness that may have existed. If darkness actually did exist, it would be difficult to determine from this record whether or not the cab could have been visible. The cab did not have on its headlights. There is an inference that the dome light of the cab was on. This inference arises from plaintiff's testimony that he saw the lighted dome light when the cab pulled over to the curb on Spruce Street and stopped. However, this is no evidence that the dome light was on before the cab stopped. There was an opportunity for the dome light to have been turned on after the accident. There is no evidence pertaining to the nature of the dome light, its size or perceptibility. It is possible that if the lights of the cab had been turned on, the plaintiff would and could have readily observed the approaching vehicle, and would not have started

across the street. Furthermore, it was unusual for the cab to have been traveling so close to the curb on a one-way street that came to a dead end. Also, evidence that the plaintiff started to cross the street approximately 9 feet from the intersection does not necessarily mean that the plaintiff was not crossing at the intersection, absent evidence that this was not at the intersection.

In the absence of evidence demonstrating that the cab was plainly visible or should have been plainly visible before plaintiff stepped into the street, I cannot conclude that the plaintiff was contributorily negligent as a matter of law. Furthermore, it is possible that the absence of use of headlights by the cab was the proximate cause of the accident, in that, the use of lights would have possibly resulted in bringing to the attention of the pedestrian plaintiff the immediate presence of the cab.

In conclusion, I decide that the record paints too incomplete a picture of the situation to force the single conclusion that plaintiff was contributorily negligent as a matter of law. For this reason, I deny defendant's motion.

Defendant's contention that its driver was not negligent in any respect cannot be supported by the record, in that, the evidence most favorable to the plaintiff discloses that the cab operated without lights, contrary to a motor vehicle statute of the State of Delaware. In this jurisdiction, such a violation is considered negligence in law. The violation of a statute being shown, the defendant's motion for summary judgment on the basis of its driver's non-negligence cannot stand.

I conclude, therefore, that defendant's motion for summary judgment on the ground that defendant was not negligent as a matter of law is denied.