George L. VAN TREESE, Appellant,

v.

Donald HOLLOWAY, Appellee.

No. 2–57089.

Supreme Court of Iowa.

Nov. 12, 1975.

David F. McGuire, Cedar Rapids, for appellant.

Tom Riley, Simmons, Perrine, Albright & Elwood, Cedar Rapids, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiff appeals judgment entered for defendant upon a jury verdict denying plaintiff damages for personal injury incurred when he was struck by defendant's automobile while crossing a Cedar Rapids street in a marked crosswalk. The questions presented are whether the court erred in instructing the jury on plaintiff's duty of lookout and in submitting and instructing upon an additional specification of contributory negligence. We find no reversible error and affirm the trial court.

The accident happened after dark in the evening of December 7, 1972. Plaintiff Van Treese was walking south across A Avenue in a crosswalk near the intersection of east-west A Avenue with north-south 11th Street. Defendant Holloway was driving his motor vehicle east on A Avenue proceeding toward the intersection. Plaintiff was struck by the left rear fender of defendant's car.

Plaintiff's evidence tended to show the area was poorly lighted, and the darkness kept him from seeing defendant's vehicle until too late to avoid being hit. Defendant's evidence tended to show he was traveling slowly toward the intersection and, although his car lights were on, he did not see plaintiff until too late to stop. He testified that plaintiff had not then reached the center of the street, and defendant thought his vehicle would clear the crosswalk without hitting plaintiff.

Defendant admitted plaintiff's allegations regarding the time and place of the accident but denied the other material allegations of plaintiff's petition. In addition, he asserted a defense of contributory negligence, alleging the accident was proximately caused by plaintiff's own negligence in two respects, failure to maintain a proper lookout, and "walking into the left rear of defendant's car, which he could see, or in the exercise of due care should have seen in time thereafter to have avoided a collision."

The trial court instructed on both specifications. Plaintiff duly excepted to the instructions on the grounds he now urges. He contends the instruction on lookout was incomplete because it did not include language telling the jury a pedestrian crossing a street in a marked crosswalk is not required to maintain the same lookout as a motorist, and may assume in exercising his lookout that he will be granted the right of way until he knows or should know otherwise. He contends it was error to submit the second specification because a pedestrian in his position does not have the duty alleged, and he asserts it was error to instruct such duty is absolute.

I. Although the trial court did not include the language in the lookout instruction desired by plaintiff, separate instructions accurately informed the jury of the defendant's duty of lookout as a motorist, of defendant's duty to yield the right of way to a pedestrian in a crosswalk, and of the right of each party to assume the other would obey the law, "until he knew, or in the exercise of ordinary care, should have known otherwise."

The instructions as given thus incorporated the concept plaintiff wanted the jury to hear, although not in the form desired by plaintiff. No error results from a mere failure to submit issues in the form requested. *Porter v. Iowa Power and Light Company,* 217 N.W.2d 221, 235 (Iowa 1974).

Plaintiff's first contention is without merit.

 II. The additional specification of contributory negligence alleged violation of a duty long recognized in our cases. Apart from the duty to maintain a proper lookout, and even in view of his right to rely upon a motorist performing his duty to yield the right of way, a pedestrian in a crosswalk must exercise ordinary care to avoid being struck by a motor vehicle he sees or should have seen. *Andrew v. Clements,* 242 Iowa 144, 150, 45 N.W.2d 861, 865 (1951); *Scott v. McKelvey,* 228 Iowa 264, 274, 290 N.W.2d 729, 733 (1940); *Sheridan v. Limbrecht,* 205 Iowa 573, 576–577, 218 N.W. 278, 279 (1928). The evidence in this case supported submission of this specification.

Moreover, we do not agree with plaintiff that in instructing upon it the court imposed an absolute duty on plaintiff to avoid the collision. The court instructed the jury as follows:

> "Even though a pedestrian in a crosswalk has the right of way over an approaching motorist when there is danger of collision, the pedestrian still must exercise ordinary care and caution to avoid a collision with a motor vehicle when there is danger of a collision.
>
> "A pedestrian's failure to exercise such ordinary care and caution constitutes negligence."

This instruction embodied a correct principle of law.

We find no merit in plaintiff's assignments of error.

■ III. One problem remains. Defendant's brief gives only the North Western Reporter citation to cases of this court which were separately reported in the Iowa Reports. Rule 344(e), Rules of Civil Procedure, requires that both citations be given. By coincidence, one of the cases inadequately cited by defendant refers to a similar violation of our rules. In *Sheridan v. Limbrecht,* supra, 205 Iowa at 577, 218 N.W. at 279–280, the court sought to discourage the practice by taxing the offending party with the costs of his own brief, despite his success on the merits of the appeal. From the same motive, we direct that defendant be taxed with the costs of his own brief in this case.

Affirmed.