"the record did not otherwise allude to the qualification of the referees than by the usual expression in the report, 'We the referees after having been duly qualified,' " etc.

The court said:

"It should appear from the record of the *justice* that he had sworn the referees, and should not be left to inference from their report."

The case is very meagerly reported. It does not appear that the report of the referees was incorporated in and made a part of his record by the justice; neither does it appear from the report of the referees that they were *sworn or affirmed by the justice*. They simply certified that they were duly qualified.

Let the judgment be affirmed.

———————•———————

FREDERICK STELLAR, d. b. a., *vs.* EUGENE LONG, p. b. r.

JUSTICES OF THE PEACE—APPEAL—RETURN.

On appeal from a judgment of a justice of the peace, his certificate to the transcript of the record filed, "I hereby certify that the within is a true transcript of all my entries in the above case, as witness my hand and seal," etc., was sufficient.

(*January* 28, 1916.)

Judges CONRAD and HEISEL sitting.
*Reuben Satterthwaite, Jr.*, for appellant.
*Franklin Brockson* for respondent.
Superior Court, New Castle County, January Term, 1916.

APPEAL by defendant from a Justice of the Peace, No. 55, January Term, 1916.

Appeal by Frederick Stellar from a judgment rendered against him by a justice of the peace in favor of Eugene Long. On motion to dismiss the appeal on the ground that the certificate of the justice to the transcript of the record filed did not meet the requirements of *Section* 3987, *Revised Code* of 1915.

*Lewis v. Hazel*, 4 *Harr.* 470; *Barker v. David*, 4 *Penn.* 395, 55 *Atl.* 334; *Peninsula Cut Stone Co. v. Nixon*, 3 *Boyce* 339, 83 *Atl.* 1081. The certificate was as follows:

"I hereby certify that the within is a true transcript of all my entries in the above case. As witness my hand and seal," etc.

Counsel for appellant contended that the certificate was sufficient, relying upon *Marshall v. Reed*, 5 *Penn.* 462, 61 *Atl.* 945.

CONRAD, J.:—We overrule the motion to dismiss the appeal, holding that the court, in *Marshall v. Reed*, 5 *Penn.* 462, 61 *Atl.* 945, virtually covered this point.

———•———

MARY A. NAILOR, widow of DAVID B. NAILOR, deceased, *vs.* MARYLAND, DELAWARE and VIRGINIA RAILWAY COMPANY, a corporation of the State of Delaware.

1. RAILROADS—INJURIES ON TRACK—CONTRIBUTORY NEGLIGENCE.

Where the negligence of a party killed while crossing a railroad track was the proximate cause of his death, his widow is not entitled to recover of the road, no matter how negligent it may have been.

2. APPEAL AND ERROR—PRESUMPTION FAVORING JUDGMENT BELOW.

In determining, on appeal from judgment for plaintiff, whether decedent, killed by a railroad, was negligent, that testimony must be accepted as true which is most favorable to plaintiff.

3. RAILROADS—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad for the death of a party killed when the automobile he drove ran into a train at a crossing, whether the deceased could or could not have seen the train in time to avoid the accident was a question for the jury.

4. RAILROADS—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In such action whether, by the exercise of proper care, decedent could have heard the train had he listened was a question for the jury.