89 A.2d 133 (1952)
KENT
v.
PARKER.
Supreme Court of Delaware.
May 26, 1952.
Everett F. Warrington, of Georgetown, for defendant, plaintiff in error.
Samuel R. Russell, of Tunnell & Tunnell, Georgetown, for plaintiff, defendant in error.
Before SOUTHERLAND, C. J., WOLCOTT, J., and RICHARDS, P. J.
SOUTHERLAND, Chief Justice.
Two questions are presented:
1. Was the plaintiff below (herein called "plaintiff") guilty of contributory negligence as a matter of law?
2. Did the trial court err in the admission of evidence offered (a) in support of plaintiff's claim for medical expenses and (b) in support of his claim that his injuries were the result of the accident?
The case made by plaintiff, which we must view in the light most favorable to him, Nailor v. Maryland, D. & V. Ry. Co., 6 Boyce 145, 150, 97 A. 418, was as follows:
About 9:45 p. m. on July 20, 1950, plaintiff was driving his automobile in a southerly direction on the public highway known as U. S. Route 13 between Center Street in Harrington, Delaware, and the intersection of that highway with the road to Milford. At the Center Street intersection plaintiff had slackened speed to put up his window because of a hard shower. Proceeding *134 south on the highway he approached a car driven by defendant below (herein called "defendant"). Plaintiff's speed was about thirty miles an hour and defendant's about twenty. Plaintiff pulled out to the left into the passing lane in an attempt to pass defendant. As he did so defendant's car moved a little to the left over the center line of the highway, and plaintiff also moved to his left, slackened his speed and blew his horn twice, but defendant continued to her left and made a direct left-hand turn into a dwelling driveway. Defendant gave no warning signal of her intention to make the turn. Plaintiff applied his brakes and continued to his left, leaving the paved portion of the highway, but collided with defendant's car, apparently with considerable force. After the collision plaintiff's car was completely off the highway at a 40-degree angle from the road.
Upon these facts, which we must assume the jury found to be true, it is urged that plaintiff was as a matter of law guilty of negligence contributing to the accident and that a verdict should have been directed for defendant. Plaintiff replies, first, that the question of contributory negligence was one for the jury under all the facts of the case; and second, that even if plaintiff was guilty of contributory negligence as a matter of law the verdict may still be supported upon the doctrine of last clear chance, which issue the court, without objection, submitted to the jury in its charge.
As to the applicability of the doctrine of last clear chance to the facts of this case we have considerable doubt, and prefer to rest our decision upon the ground that the issue of plaintiff's contributory negligence was one for the jury.
As to this latter point defendant argues that the movement of defendant's car to the left indicated defendant's intention to occupy the left-hand side of the road, and hence it was plaintiff's duty to govern his acts accordingly and to use reasonable care to avoid the collision; and further asserts that it is clear from the evidence that plaintiff, on his own showing, could have easily stopped his car and prevented the accident. The general statement of plaintiff's duty embodied in this argument may be accepted; but this Court cannot make the finding of fact which is the necessary predicate for its application to the case, viz., that plaintiff could in fact have stopped in time to avoid the accident. It is apparent from the facts outlined above that the jury might have drawn the inference that defendant seeks to have us draw; but it is equally obvious that the jury might well have concluded that defendant, without keeping proper lookout and without warning, turned her car across the highway in front of plaintiff's oncoming vehicle, and that plaintiff was quite unable to avoid the collision. "It is only in clear cases where the facts are undisputed and but one reasonable inference can be drawn from them that courts can declare as a matter of law a party guilty of contributory negligence." Nailor v. Maryland, D. & V. Ry. Co., supra, 6 Boyce at page 159, 97 A. at page 424. In the instant case it was for the jury to say which inference was to be drawn.
We find no error in the refusal to direct a verdict for the defendant.
Defendant assigns error in the admission of testimony of plaintiff that he incurred and paid medical expenses for the treatment of injuries resulting from the accident, and in the admission of bills and medicinal prescriptions evidencing such payments; and also urges that no medical proof was adduced that the injuries resulted from the accident.
Plaintiff testified, without objection, to the nature of his injuries and to consultations with and treatment by three physicians. When asked how much he had paid one of these physicians, defendant's attorney objected to the testimony unless it should be shown that plaintiff was treated for a condition which was proximately caused by the accident, and that the medical services were made necessary as a result of the injuries sustained in the accident. This objection was repeated when various medical bills and prescriptions were offered in evidence.
These objections are without merit. Plaintiff's evidence that he had suffered injuries in the accident and had *135 received medical treatment therefor was clearly competent. 15 Am.Jur., Damages, Sec. 334. It was also proper for him to prove that he had paid the expenses thus incurred, since it was a fact within his own knowledge. 15 Am.Jur., Damages, Sec. 340. Defendant also suggests that there was no proof from the physicians of the reasonableness of the charges, and that testimony as to the medical expenses is inadmissible without it, citing 17 C.J. 914 [25 C.J.S., Damages, § 91]. This point is made for the first time in this Court. It comes too late. Remington Machine Co. v. Wilmington Candy Co., 6 Pennewill 288, 305-306, 66 A. 465; Philadelphia & R. Ry. Co. v. Green and Flinn, Inc., 2 W. W. Harr. 78, 86, 32 Del. 78, 86, 119 A. 840.
The judgment of the Superior Court of Sussex County is affirmed.