Arthur HAMILTON and Dolores Hamilton,
Plaintiffs Below, Appellants,

v.

Alan M. WRANG, Defendant Below,
Appellee.

Supreme Court of Delaware.

June 30, 1966.

Ralph F. Keil and Carl Goldstein, of Keil & Keil, Wilmington, for appellants.

Warren B. Burt, of Prickett & Prickett, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal by the plaintiffs in a personal injury and property damage action from a judgment in their favor entered on a jury's verdict. They seek a reversal and the award of a new trial on the grounds that the verdict was a nullity because it failed to award damages to the plaintiffs in a stated amount; because their motion for a new trial was denied by the trial judge on the ground that failure to object to the form of the verdict waived their right to do so; and because the verdict is inadequate.

This accident occurred in Pennsylvania on a curve on which the defendant, driving in the opposite direction to the plaintiff, Arthur Hamilton, crossed the center line and caused the accident. There is some conflict in the testimony as to what precisely the facts of the accident were but we think the conflict to be immaterial to a decision in this appeal since by its verdict the jury found the defendant negligent.

The complaint of the plaintiffs is with the form and amount of the jury's verdict. When the jury concluded its deliberations and returned to the courtroom, the foreman announced that the jury found for the

plaintiffs and awarded damages "for the car only." During the trial the parties had stipulated that the amount of damages to the car was $511.11. This was announced by the clerk and judgment in that amount was entered. The jury also failed to answer specific questions presented to them for decision by the trial judge. The plaintiffs made no objection at this time to the form of the verdict, and the jury was discharged.

The failure of the plaintiffs to object to the form of the verdict is fatal to their contention in this appeal that it is a nullity because of its allegedly defective form. It is necessary in order to take advantage of a supposed defect in the form of a verdict that the aggrieved party take exception to it prior to the discharge of the jury, and the failure to do so amounts to a waiver of the point. 89 C.J.S. Trial § 525. The reason for the rule is that upon timely objection the trial judge prior to the jury's discharge can instruct it to correct a faulty verdict. VIII Wigmore Evidence (3rd Ed.) § 2350.

In any event, however, Rule 46 of the Superior Court Civil Rules requires counsel to state his objection to anything taking place during the trial, and his failure to do so prevents him from urging the point on appeal. Kent v. Parker, 8 Terry 151, 89 A.2d 133; Turner v. Vineyard, 7 Terry 138, 80 A.2d 177. The plaintiffs, therefore, may not complain of the form of the verdict.

In addition, however, the plaintiffs argue that as a matter of substantive law the verdict is a nullity for failure to assess damages, both for personal injury and property damage, in an amount certain. The verdict in this suit was returned as follows:

"Clerk: Do you find for the defendant or for the plaintiff?

"The Foreman: For the plaintiff.

"Clerk: And what damages do you assess for the plaintiff Arthur Hamilton?

"The Foreman: For the car only, sir.

"Clerk: And that would be $511.11. And for the plaintiff Dolores Hamilton?

"The Foreman: Nothing, sir.

"Clerk: $511 for Arthur Hamilton and nothing for Dolores Hamilton, Your Honor."

It is argued that the verdict as rendered is bad, not only as to form, but in substance as well, for the reason that it is uncertain since the jury found for the plaintiff but wholly failed to assess in dollars damages for the personal injuries of Arthur Hamilton and for the loss of consortium by Dolores Hamilton. We do not agree.

The jury in substance found the defendant negligent and awarded the owner of the car the value of the damage to it. This was not stated in dollars but it was readily ascertainable since the parties had stipulated as to the amount. When such is the case, the court, itself, may determine the amount. 53 Am.Jur., Trial, § 1081.

But, argues the plaintiffs, nothing has been awarded for personal injury and loss of consortium. It is of course obvious, it seems to us, that the jury found the facts as to these two items adversely to the plaintiffs. The fact of personal injury was seriously contested by the defendant, and we think was obviously resolved by the jury against the plaintiffs and in favor of the defendant. There was evidence before the jury to support this finding. Under the circumstances, we must accept the jury's factual conclusion.

Since the jury found that no personal injuries had been sustained by the plaintiffs as a result of the defendant's negligence, the plaintiffs' argument as to the inadequacy of the verdict falls since no actionable wrong for personal injury exists absent injury to the person. 38 Am.Jur., Negligence, § 27.

The judgment below is affirmed.