Fay L. DADDS and Betty C. Dadds,
Defendants Below, Appellants,

v.

PENNSYLVANIA RAILROAD COMPANY,
a Pennsylvania corporation, Plain-
tiff Below, Appellee.

Supreme Court of Delaware.

Feb. 24, 1969.

B. Wilson Redfearn, of Tybout & Redfearn, Wilmington, for defendants below, appellants.

Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an action by the Pennsylvania Railroad Company against Fay L. Dadds for negligence in operating her automobile onto its tracks in the path of a train, resulting in damage to the train.

The determinative issue is whether the Superior Court was correct in granting summary judgment to the Railroad Company on the ground that Miss Dadds was guilty of negligence as a matter of law. We think not.

## I.

■ The facts must be viewed at this stage in the light most favorable to Miss Dadds: She lived approximately a quarter of a mile from the place where the railroad crossed Red Mill Road. On the morning of November 1, 1966, Miss Dadds left home for her place of employment located several miles on the other side of the railroad tracks. She was driving her 1959 automobile. As she approached the crossing, her view of the tracks was obstructed by embankments on both sides, by a wooded area, and by a field higher than the road. A motorist was obliged to drive up very close to the tracks in order to look around the obstructing embankments for approaching trains.

As Miss Dadds approached the crossing, she slowed and then stopped about a foot away from the nearest track to look for an approaching train. The signal lights were not flashing to show an on-coming train; but Miss Dadds made a practice of always stopping at the tracks before crossing because she knew of instances when trains had passed without operation of the lights. After Miss Dadds stopped her car, she looked up and down the tracks and, for the first time, perceived a fast-moving train approaching from her left, its whistle sounding. Then the crossing signals began to flash. At that point, her car stalled. Miss Dadds thereupon became excited. She hurriedly tried to start the car. As she lifted her foot from the brake to start the motor, the car drifted forward toward the tracks. She attempted to stop the movement of the car, while continuing her effort to start the motor; nevertheless, the car drifted onto the tracks. After one more unsuccessful attempt to start the motor, Miss Dadds jumped out of the standing vehicle and ran up the track toward the approaching train. The automobile was struck by the train. The Railroad Company sued for damage to the train; Miss Dadds counterclaimed for destruction of her car.

## II.

The Superior Court found "that there can be no reasonable inference other than that defendant was negligent as a matter of law" because (a) she was thoroughly familiar with the crossing; (b) she was thoroughly familiar with her car which had operative hand and foot brakes and a parking gear; (c) she stopped her car less than one foot from the nearest rail; (d) aware of the approaching train, she attempted to start the automobile after it stalled; and (e) she permitted the stalled car to drift onto the tracks and did not attempt to flag the train.

■ It is not apparent whether the Superior Court considered the "sudden emergency doctrine" which, in our opinion, is applicable in the instant case. Under that rule of the law of negligence, one placed in a position of sudden emergency or peril, other than by his own negligence,

is not held to the same degree of care and prudence as one who has time for thought and reflection. When suddenly confronted with such emergency, a driver is not held guilty of negligence if he makes such choice as a person of ordinary prudence placed in such a position might make, even though in his excitement he does not make the wisest choice. The sudden emergency doctrine is not an exception to the general rule that one must act as a reasonably prudent person would act under the same circumstances. An emergency of this kind is merely one of the circumstances to be considered by the finder of fact in determining whether the course of action was one that an ordinarily prudent person would have followed. Whether there was a sudden emergency, and whether the course chosen was that which would have been chosen by a reasonable man under the same circumstances, are usually questions of fact for the jury. Panaro v. Cullen, 5 Storey 187, 185 A.2d 889, 891 (1962); Alabama Gr. S. R. Co. v. Molette, 207 Ala. 624, 93 So. 644 (1922); Prosser on Torts (3d Ed.) pp. 171–173; 8 Am.Jur.(2d) "Automobiles and Highway Traffic", § 1016.

■ From the facts set forth above, more than one reasonable inference can be drawn, in our opinion, as to (1) whether a sudden emergency existed and, if so, (2) whether Miss Dadds exercised the care required of her in such situation. Because of the obstructions to her view, she was obliged to stop very close to the tracks in order to see on-coming train traffic. While in that position, her car stalled through no fault on her part. She became excited when she saw the train approaching at high speed. In her excitement, she attempted to start the car rather than leave it. As the result, the car drifted the distance of a few inches to the track. We cannot agree that, under those facts, Miss Dadds was guilty of negligence as a matter of law. Perhaps it would have been more prudent to stop further away from the track, or to flee the car sooner, or to set the hand brake, or to shift to parking gear. Be that as it may, there is evidence from which a jury may reasonably find that a sudden emergency situation did exist and that Miss Dadds acted as a reasonably prudent person would have acted under like circumstances.

The Railroad Company contends that the sudden emergency rule does not apply here because Miss Dadds' own negligence was the cause of the emergency. This position is untenable for the reason that, under Miss Dadds' version of the circumstances, the sudden emergency was caused by the stalling of the motor, an occurrence not traceable to any negligence on her part. The evidence is that she had no such motor trouble previously.

In view of the foregoing conclusion, we do not reach the other grounds of appeal.

The summary judgment entered in favor of the Railroad Company is reversed and the cause remanded for trial.