# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KAMIE PAGANO, Individually and in Her Capacities as Administratrix of THE ESTATE OF NICHOLAS RUSSO, and as Mother, Guardian and/or Next Friend of ALESSA RUSSO, the Minor Child of Nicholas Russo, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N16C-01-222 ALR |
| v. | ) ) | |
| MICHAEL STRADLEY, | ) ) | |
| Defendant. | ) | |

Submitted: May 6, 2017
Decided: June 21, 2017

## ORDER

*Upon Defendant's Motion for Summary Judgment
as to Duty and Sudden Emergency*
**DENIED**

This is a wrongful death action arising from the August 1, 2015 death of Nicholas Russo in a traffic accident. Mr. Russo was operating a motorcycle with a group of several other motorcyclists, traveling northbound on Route 13 near Odessa, Delaware. Defendant Michael Stradley ("Defendant") was operating a 2006 Chevrolet Colorado pick-up truck, also traveling northbound on Route 13. Mr. Russo died when his motorcycle crashed after making contact with Defendant's truck.

Plaintiff Kamie Pagano initiated this action against Defendant pursuant to Delaware's Wrongful Death Act[1] on behalf of Mr. Russo's estate and as guardian ad litem for Mr. Russo's daughter, Plaintiff Alessa Russo, (collectively "Plaintiffs"). Although the Complaint set forth additional claims, the wrongful death claims of the estate and the child are the only remaining claims. Trial is scheduled for July 31, 2017.

Defendant seeks a legal ruling from this Court that Defendant did not owe a duty to Mr. Russo under the circumstances presented and, therefore, Plaintiffs cannot establish a prima facie case for negligence. Specifically, Defendant first claims that he did not have a duty to anticipate the negligent and reckless conduct of Mr. Russo and/or the other motorcyclists with whom Mr. Russo was traveling. Second, Defendant claims that he acted reasonably when he reacted to the sudden emergency caused by the negligent and reckless conduct of Mr. Russo and/or the other motorcyclists with whom Mr. Russo was traveling. Plaintiffs oppose Defendant's motion on the grounds that there are genuine issues of material fact in dispute.

Upon consideration of the Motion for Summary Judgment as to Duty and Sudden Emergency filed by Defendant; Plaintiffs' opposition thereto; the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules;

---

[1] 10 *Del. C.* § 3721 et seq.

statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.      The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2]  The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[3]  At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[4]  In a negligence case, summary judgment is appropriate where the Court determines that "no reasonable juror could find that the plaintiff's negligence did not exceed the defendant's."[5]

2.      "In order to prevail in a negligence action, a plaintiff must show, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff injury."[6]  Whether a defendant has a legal duty is a threshold question of

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).
[4] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[5] *Jones v. Crawford*, 1 A.3d 299, 303 (Del. 2010).
[6] *Pavik v. George & Lynch, Inc.*, 2016 WL 5335792, at *3 (Del. Super. Sept. 22, 2016) (quoting *Duphily v. Del. Elec. Coop., Inc.*, 662 A.2d 821, 828 (Del. 1995)).

law.[7] "If the trial judge concludes that the defendant owed no duty of care to the plaintiff at the time his or her injuries were sustained, the defendant is entitled to summary judgment as a matter of law."[8]

3.      "Delaware tort law has long imposed a duty on motorists to use reasonable care, drive at a reasonable rate of speed under the circumstances, and slow or stop to avoid imminent danger, regardless of the posted speed limit."[9] Moreover, Delaware drivers have a statutory duty to operate their vehicles in a careful and prudent manner to ensure the safety of other motorists and the public.[10]

4.      There are genuine issues of material fact in dispute. "Today, under Delaware's comparative negligence statute the determination of the respective degrees of negligence attributable to the parties *almost always presents a question of fact for the jury*."[11] This case does not present the rare exception of a negligence

---

[7] *Helm v. 206 Mass. Ave., LLC*, 107 A.3d 1074, 1079 (Del. 2014) (citing *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002)).

[8] *Helm*, 107 A.3d at 1079 (citing *Kananen v. Alfred I. DuPont Inst. of the Nemours Found.*, 796 A.2d 1, 7 (Del. Super. 2000)).

[9] *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 251 (Del. 2010) (internal citations omitted).

[10] *Floyd v. Lipka*, 148 A.2d 541, 543–44 (Del. 1959). *See, e.g.*, 21 *Del. C.* § 4144 (requiring drivers to exercise due care to avoid colliding with pedestrians on the roadway); *id.* at § 4168(a) ("In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, in compliance with legal requirements and the duty of all persons to use due care.").

[11] *Helm*, 107 A.3d at 1081 (emphasis in original) (citing *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998)).

case that is susceptible to summary adjudication.[12] It is not this Court's role to weigh evidence or resolve factual conflicts.[13] Rather, "if a rational trier of fact could find any material fact that would favor the non-moving party in a determinative way . . ., summary judgment is inappropriate."[14] Viewing the facts in the light most favorable to Plaintiffs, a jury may find that Defendant did not act reasonably under the circumstances presented. The jury will also be asked to determine the cause of the accident and may reach the question of apportioning negligence between Defendant and Mr. Russo. These are questions of fact that remain in dispute.

5. In reaching this conclusion, the Court expressly rejects Defendant's contentions with respect to duty on the grounds that adjudication of those claims

---

[12] *See Helm*, 107 A.3d at 1081 (citing *Trievel*, 714 A.2d at 745); *Crawford*, 1 A.3d at 303; *Manerchia v. Kirkwood Fitness & Racquetball Clubs, Inc.*, 2010 WL 1114927, at *2 (Del. Mar. 25, 2010).

[13] *Cerberus Int'l, Ltd. v. Apollo Management, L.P.*, 794 A.2d 1141, 1149 (Del. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986)).

[14] *Espinoza v. Zuckerberg*, 124 A.3d 47, 53 (Del. Ch. 2015) (omission in original) (quoting *Cerberus Int'l, Ltd.*, 794 A.2d at 1150). *See also Buchanan v. TD Bank, N.A.*, 2016 WL 3621102, at *2 (Del. Super. June 28, 2016) (noting that summary judgment is rare in negligence actions "because the movant must show 'not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inference to be drawn from the contested facts are adverse to the plaintiff.'") (quoting *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966))); *Rowe v. Estate of McGrory*, 2013 WL 2296076, at *2 (Del. Super. Apr. 12, 2013) ("Moreover, 'if it appears [to the Court] that there is *any reasonable hypothesis* by which the non-moving party might recover,' the motion will be denied.") (emphasis and alteration in original) (quoting *Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 591–92 (Del. Super. 2001)).

involves fact-finding which is contrary to a judicial determination as a matter of law. In so ruling, the Court finds that *Hudson v. Old Guard Insurance Co.*[15] is distinguishable from the case before this Court. Unlike *Hudson,* this case does not involve a sudden "dart out" by a cyclist onto the road from a driveway or sidewalk. Rather, a reasonable jury could conclude that Defendant had sufficient time under the circumstances to exercise reasonable care in order to avoid a foreseeable accident with Mr. Russo. Moreover, the Court finds that Defendant's reliance on *Bullock v. State*[16] is misplaced. *Bullock* does not support Defendant's claim for judgment as a matter of law. Rather, *Bullock* supports the proposition that comparative negligence is a question for the jury.[17] Specifically, the *Bullock* Court reversed a vehicular manslaughter conviction on the grounds that the trial court erred in its instruction to the jury by not properly presenting the law for the jury to decide whether the victim's comparative negligence was foreseeable.[18]

6. Likewise, the Court expressly rejects Defendant's contentions with respect to sudden emergency on the grounds that adjudication of those claims also involves fact-finding which is contrary to a judicial determination as a matter of law. The sudden emergency doctrine provides that an individual faced with a sudden emergency of another's creation is not negligent if the individual "makes

---

[15] 3 A.3d 246 (Del. 2010).
[16] 775 A.2d 1043 (Del. 2001).
[17] *See id.* at 1050–52.
[18] *See generally id.* at 1044–47.

such choice as a person of ordinary prudence placed in such a position might make . . . ."[19] However, this Court notes that the sudden emergency doctrine "is not an exception to the general rule that one must act as a reasonably prudent person would under the same circumstances."[20] Rather, "an emergency . . . is merely one of the circumstances to be considered by the fact finder"[21] in order to determine "whether a reasonable person under the same circumstances would have chosen the same course of action."[22] The question of whether Defendant operated his vehicle with due care as opposed to negligence is a question of fact that must be resolved by a jury.[23]

7.    For the reasons stated, the Court hereby finds that, when viewing the evidence and drawing all reasonable inferences in a light most favorable to the Plaintiffs, the non-moving parties, there are genuine issues of material fact in dispute and judgment as a matter of law is inappropriate.

---

[19] *Dadds v. Pa. R.R. Co.*, 251 A.2d 559, 561 (Del. 1969).

[20] *State v. Greenley*, 2003 WL 21040317, at *2 (Del. Super. May 6, 2003) (quoting *Dadds*, 251 A.2d at 561).

[21] *Dadds*, 251 A.2d at 561.

[22] *Miglino v. Adkins*, 1991 WL 269924, at *3 (Del. Super. Dec. 11, 1991) (citing *Dadds*, 251 A.2d at 561).

[23] *See Delmarva Power & Light v. Stout*, 380 A.2d 1365, 1368 (Del. 1977); *Murray v. Shank*, 2011 WL 1419402, at *1–2 (Del. Super. Apr. 13, 2011); *Storm v. NSL Rockland Place, LLC*, 898 A.2d 874, 887 (Del. Super. 2005) (citing *Cook v. E.I. DuPont de Nemours & Co.*, 2001 WL 1482685, at *5 (Del. Super. Ct. Aug. 20, 2001)); *Uphsur v. Bodie's Dairy Mkt.*, 2003 WL 21999598, at *4 (Del. Super. Jan. 22, 2003) (citing *Frelick v. Homeopathic Ass'n of Del.*, 150 A.2d 17, 19 (Del. Super. 1959))

**NOW, THEREFORE,** this 21st day of June, 2017, Defendant's Motion for Summary Judgment as to Duty and Sudden Emergency is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**