**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ANNETTE WEST, | : | |
| | : | |
| Plaintiff, | : | C.A. No. K19C-05-008 JJC |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| EAST COAST PROPERTY | : | |
| MANAGEMENT, INC., and THE | : | |
| MILFORD HOUSING | : | |
| DEVELOPMENT CORPORATION, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Submitted:  December 2, 2020
Decided: December 9, 2020

*Upon Defendants' Motion for Partial Summary Judgment*
*Granted in part, and Denied in part*

1.  Plaintiff Annette West sues Defendants East Coast Property Management, Inc., and Milford Housing Development Corporation (hereinafter referred to collectively in the singular as "East Coast") for premises liability.  She alleges that a tree branch fell from a tree on East Coast's property, struck her, and injured her.  In this motion, she moves for partial summary judgment against East Coast regarding three of its affirmative defenses.  East Coast opposes Ms. West's motion

and argues that inferences available from the summary judgment record create genuine issues of material fact as to each.

2. Summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law.[1] Partial summary judgment is appropriate regarding an issue when there is no dispute as to that issue.[2] When a movant adequately supports a motion for summary judgment, the burden shifts to the nonmoving party to demonstrate a genuine issue of material fact.[3] When examining the record, the Court must view the facts in the light most favorable to the nonmoving party[4].

3. The facts recited herein are those of record, considered in the light most favorable to East Coast. Namely, Ms. West rented her residence from East Coast. On June 12, 2017, she exited the back door of her landlord's property on her way to discard trash in a dumpster. At that time, she had available an alternate route to the dumpster (through the front door) that, if taken, would have avoided the site of the alleged injury. Nevertheless, as she walked across the property's back yard, a tree limb allegedly fell, struck her, and injured her. She alleges that East Coast

---

[1] Super. Ct. Civ. R. 56(c); *Mott v. Bank of New York Mellon,* 2019 WL 4879841, at *2 (Del. 2019) (TABLE).
[2] Super. Ct. Civ. R. 56(a)-(b) (providing that either the claimant or defending party may move for summary judgement as to all or part thereof the case's claims).
[3] *Moore v. Sizemore,* 405 A.2d 679, 680-81 (Del. 1979).
[4] *Id.* at 680.

negligently maintained its property and that this negligence proximately caused her injury.

4. Ms. West's complaint includes claims of common law negligence and negligence *per se*. She argues that the evidence of record does not generate a triable issue of fact regarding the following three East Coast affirmative defenses: (1) that Ms. West's actions constituted comparative negligence or recklessness; (2) that a superseding or intervening act caused her injuries; and (3) that a sudden emergency caused her injuries. East Coast counters that Ms. West's lack of recollection about how the incident occurred, the absence of visible injury on her person, and unanswered questions about why she used the building's rear exit make partial summary judgment inappropriate.

5. With regard to her comparative fault, Ms. West identifies evidence of record that meets her initial burden on summary judgment. Namely, she emphasizes record evidence that she had no knowledge that the limb was either about to fall or likely to fall. She also cites evidence demonstrating that she did nothing improper when taking her chosen route at the time of the alleged incident. East Coast counters with two points. First, East Coast emphasizes that there were no witnesses or physical evidence supporting her claim of an alleged injury. Second, it contends that she should not have used the exit or route that she did before the alleged incident. As to the first point, the facts advanced by East Coast raise a factual issue regarding

3

whether an incident occurred and whether Ms. West suffered injury. They do not create a factual issue that support a claim that Ms. West was comparatively negligent or reckless, however. As to the second point regarding her choice of exit and route, East Coast identifies no evidence of record that supports an inference that using that particular exit was somehow negligent or reckless. Namely, it identifies no evidence that it had warned or even suggested to her that she should not have used that exit or route on her way to the dumpster. For these reasons, partial summary judgment in Ms. West's favor regarding East Coast's first affirmative defense is granted.

6. Partial summary judgment in favor of Ms. West regarding East Coast's superseding or intervening cause affirmative defense must be denied, however. Ms. West alleges, *inter alia*, that East Coast's negligent failure to maintain its property caused a tree limb to fall on her and that it injured her. Here, lay experience coupled with what is primarily circumstantial evidence of record supporting Ms. West's claim, provide an alternative reasonable inference regarding what caused the tree branch to fall – an act of nature or unrelated coincidence. If the jury finds the limb fell naturally and independently of East Coast's alleged improper maintenance, then it could reasonably conclude that a natural occurrence was a superseding cause of her injury. For that reason, partial summary judgment on whether there was a superseding cause of injury to Ms. West is denied. The Court, however, defers decision regarding the proper way to instruct the jury on this issue. It will consider

4

the evidence presented at trial and further argument before doing so. If the Court structures this issue as an affirmative defense, the burden at trial will be on the defendant as to that issue. Alternatively, it may be appropriate to encapsulate the concept in instructions addressing proximate, concurring, and superseding causation. The Court will defer that decision until trial to provide further evidentiary context and to consider further argument from the parties on that issue.

7. Finally, partial summary judgment is appropriate regarding East Coast's sudden emergency affirmative defense. As the Delaware Supreme Court articulated in *Dadds v. Pennsylvania R. Co*., this affirmative defense provides that "one placed in a position of sudden emergency or peril, other than by his [or her] own negligence, is not held to the same degree of care and prudence as one who has time for thought and reflection.[5]" Here, Ms. West's allegations focus on poor arbor management and unreasonable property maintenance. East Coast identifies no evidence of record that supports an inference that the circumstances somehow placed *it* in a position of sudden emergency or peril while it maintained its property. This affirmative defense does not fit the facts of the case. Rather, much of what East Coast asserts may be addressed through either a superseding cause affirmative defense or modified

---

[5] *Dadds v. Pennsylvania R. Co.,* 251 A.2d 559, 560-61 (Del. 1969).

proximate cause jury instruction.   For these reasons, Ms. West's motion for partial summary judgment regarding the sudden emergency doctrine is granted.

WHEREFORE, Plaintiff Annette West's motion for partial summary judgment is Granted, in part, and Denied, in part.

**IT IS SO ORDERED.**

<u>/s/Jeffrey J Clark</u>
Judge


JJC:jb
*Via File & Serve Xpress*